## FLYNN v. DOUGHERTY.*

### No. 13,032; May 30, 1891.

#### 26 Pac. 831.

**Building Contract—Bond.—**Where in an Action for a Breach of contract it appeared that defendant verbally accepted plaintiff's written offer to furnish stone for a building defendant had undertaken to build, and that plaintiff was required, as one of the conditions, to execute a bond for the performance of the work and to commence the work as soon as possible, the failure of plaintiff to furnish or tender the bond within eight or nine days precludes his right to recover prospective profits, when nothing has been done under the bid.

APPEAL from Superior Court, Santa Clara County; F. E. Spencer, Judge.

Jarboe, Harrison & Goodfellow for appellant; Charles F. Wilcox for respondent.

VANCLIEF, C.—This is an appeal from a judgment of nonsuit and from an order denying plaintiff's motion for a new trial. The complaint alleges, in substance, that in July, 1886, the plaintiff contracted with the defendant to cut, furnish and deliver to the defendant the stone required for the construction of the state asylum about to be erected in the county of Santa Clara, for the sum of $6,883; that plaintiff was at all times ready and willing to perform the contract on his part, but that the defendant refused to accept the stone, and gave plaintiff notice of such refusal, and prevented plaintiff from performing the contract, and wholly repudiated it, to the damage of plaintiff in the sum of $2,000. The answer specifically denied each allegation of the complaint. Upon the trial, the plaintiff testified that on the ninth day of July, 1886, he presented to the defendant a bid or offer in writing, of which the following is a copy:

"San Jose, July 9, 1886.

"The undersigned propose to cut, furnish, and deliver the stone-work of the asylum to be built at Agnew station, according to the plans and specification of Mr. Jacob Lenzen & Son,

---

*For subsequent opinion in bank, see 91 Cal. 669, 27 Pac. 1080.

architects, for the sum of six thousand eight hundred and eighty-three ($6,883.00) dollars.

"THOMAS FLYNN."

Plaintiff admitted that there was no contract or memorandum in writing between him and the defendant for the stone-work mentioned in the complaint; and further testified that the defendant was himself bidding for the construction of the state asylum at Agnew station, and a few days thereafter informed plaintiff that the contract for its construction had been awarded to him (defendant), and that plaintiff's bid for the stone-work was accepted, telling him at the same time that a bond would be required of him (plaintiff), and that he should make arrangements to commence work as soon as possible, so as not to delay the construction of the asylum; that on July 20th plaintiff came to San Jose, and after meeting with the defendant was informed by him that the contract for the stone-work had been given to another person; that he was at all times ready to carry out and perform the contract on his part, and for that purpose had brought his foreman to San Jose, and instructed other workmen to follow; that the cost of the work would not have exceeded $4,500, and that if he had completed the contract he would have realized therefrom a profit of over $2,000; that he had quite a lot of stone on hand already quarried that could have been used, which it would have cost between $500 and $600 to quarry, and which he had previously quarried while he was getting out other work, the most of which is still on hand; that if the stone had been cut according to his bid and the specifications, and had not been used in the construction of the asylum, it would not have been available for other purposes or salable in the general market, but that none of the stone was so cut, and none of it was delivered, nor was any money paid therefor by defendant. Another witness testified to a conversation with the defendant in which he told the witness that Flynn had got the contract for cutting, furnishing and delivering the stone for the asylum. No other evidence was given or offered in the case, and defendant moved for a nonsuit on the ground that the alleged contract was for the sale of goods and chattels, and as there was no note or memorandum thereof in writing signed by defendant, nor any acceptance or receipt of the goods or any part thereof, nor any payment of any part of

the purchase money, as required by the fourth division of section 1624 of the Civil Code, the contract was invalid, and on the further ground that the plaintiff failed to prove that he had sustained any damage. The court sustained the motion, and plaintiff excepted. I am inclined to the opinion that the alleged contract was not within the statute of frauds, but it is unnecessary to decide that question, since, according to plaintiff's own testimony, the acceptance of his offer by the defendant was only conditional, the condition being that plaintiff must give a bond for the performance of the work. There is no evidence tending to prove that plaintiff ever gave or offered to give the bond, without which even the proposed verbal contract was incomplete. It appears that the negotiation was opened by the uninvited offer of plaintiff to do the stone-work according to certain specifications for a certain price. At the same time that defendant said he accepted the offer he also said that plaintiff should give a bond, and commence the work as soon as possible. About eight or nine days thereafter, without having given or offered to give the bond, the plaintiff returned to San Jose, when he was told that the work had been let to another party; but even then he did not offer to give the bond, nor does he testify that he then offered to commence the work, but only that "he was at all times ready to carry out and perform the contract on his part," by which he may have intended to be understood that he offered to commence the work. But his offer to commence the work, if he did so offer, before he tendered the bond, was nugatory. He claimed no other damage than being deprived of prospective profits, but, as he signally failed to prove a contract, he is not entitled to even nominal damages. I think the judgment and order should be affirmed.

We concur: Foote, C.; Temple, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.