[S. F. No. 2614.   Department Two.—September 3, 1903.]

## WILLIAM JOHNSON, Appellant, v. D. H. BIBB LUM-BER COMPANY, Respondent.

CONTRACT—EMPLOYMENT OF VESSEL—PAROL EVIDENCE.—Under a writ-ten contract for the employment of a vessel for the conveyance of a cargo for three voyages from Portland, Oregon, to Redondo, California, at a fixed compensation per voyage, parol evidence is inadmissible to show a separate, oral, collateral agreement, contem-poraneous with the written contract, for an interim voyage to San Francisco at a less compensation, consisting of regular San Francisco rates.

ID.—VARIATION OF PORT—FIXED COMPENSATION—BURDEN OF PROOF.—Where the employer of the vessel, in violation of the terms of the contract, varied the voyage from the port designated in the contract to an intermediate port, the owner of the vessel, not being in default, is *prima facie* entitled to recover the agreed com-pensation to the designated port. If he was entitled to recover less than this, the burden of proof was upon the defendant, who was the wrong-doer, to show it, and, in the absence of such showing, the stipulated rate must control.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion for new trial.   Edward A. Belcher, Judge.

The facts are stated in the opinion of the court.

T. M. Osmont, for Appellant.

The parol evidence varied the express terms of the written contract, and was inadmissible. (*Hendricks* v. *Osborn*, 7 Cal. 282; Scrutton on Charter-Parties, p. 15; *Booth* v. *Hoskins*, 75 Cal. 271; *Harrison* v. *McCormick*, 89 Cal. 327;[1] *Bryan* v. *I. M. Co.*, 73 Cal. 249; *Frink* v. *Roe*, 70 Cal. 296; *Connor* v. *Clark*, 12 Cal. 168;[2] *Naumberg* v. *Young*, 44 N. J. L. 331, (approved by this court in 89 Cal. 330);[1] *Milton* v. *Hud-son River Steamboat Co.*, 4 Lans. 76;- *Gordon* v. *Niemann*, 118 N. Y. 152; *Mallon* v. *Story*, 2 E. D. Smith, 331; *Louis-ville and Nashville R. R.* v. *Goodwin's Exrs.*, 12 Ky. Law

[1] 23 Am. St. Rep. 469.
[2] 73 Am. Dec. 529.

Rep. 508; *Hodgdon* v. *Waldron,* 9 N. H. 66; *Mason* v. *Independent S. Dist.,* 52 Iowa, 130; *Stees* v. *Leonard,* 20 Minn. 494; *Baker* v. *Morehouse,* 48 Mich. 334; *The Eli Whitney* 1 Blatch. 360, Fed. Cas. 4,345; *The Augustine Knoble,* 37 Fed. 601; *Church* v. *Proctor,* 66 Fed. 240; 13 C. C. A. 426.) The stipulated compensation to Redondo was presumptively the measure of damages, the burden of proof being on the defendant to show that less than that sum was suffered as damages, and, in the absence of such proof, plaintiff is entitled to recover the stipulated rate. (*Utter* v. *Chapman,* 38 Cal. 659; *Muriel* v. *Whiting,* 32 Ala. 55; *Dean* v. *Ritter,* 18 Mo. 182; *Bradley* v. *Denton,* 3 Wis. 557; *The Nathaniel Hooper,* 3 Sum. 555; *Jordan* v. *Warren Ins. Co.,* 1 Story, 343, 354; *The Gazelle,* 128 U. S. 474, 487.)

Alexander G. Eells, for Respondent.

The parol evidence was correctly admitted. (*Guidery* v. *Green,* 95 Cal. 630; *Kreuzberger* v. *Wingfield,* 96 Cal. 255; *Wolters* v. *King,* 119 Cal. 172; *Babcock* v. *Defro,* 14 Kan. 410; *Beyerstedt* v. *Winona Mill Co.,* 49 Minn. 1; *Juillard* v. *Chaffee,* 92 N. Y. 529; *Stowell* v. *Greenwich Ins. Co.,* 46 N. Y. S. 802; *Chapin* v. *Dobson,* 78 N. Y. 74;[1] *Hutzlen* v. *Richter,* 43 N. Y. S. 679.)

LORIGAN, J.—The plaintiff—owner of the schooner, J. B. Leeds—and the defendant, a lumber corporation, entered into a written contract whereby the defendant engaged said vessel for three voyages from Portland, Oregon, to Redondo, California, for the purpose of transporting lumber for it, at a given rate per thousand feet, as stipulated in the agreement.

Upon the making of the contract, the plaintiff fully equipped the vessel for said voyages, and placed her at defendant's disposal and direction, pursuant to its terms. Under defendant's orders, the vessel made three voyages, the first and third to Redondo, the second to San Francisco, and it is concerning this second trip that the controversy arises— the first and third voyages having been paid for. After the completion of the voyage to Redondo,—the third made by the

---

[1] 34 Am. Rep. 512.

vessel,—defendant demanded that another voyage be made to Redondo under the contract, which plaintiff declined to permit, claiming that he had fully complied with the terms of his contract in making three voyages, and thereafter brought this action to recover compensation for the cargo discharged at the port of San Francisco, at the rate specified in the contract for a voyage to Redondo, on the theory that defendant having, without his consent, contrary to the contract, and arbitrarily, dispatched the vessel to San Francisco instead of Redondo, he was entitled to recover the stipulated rate for a voyage to the latter port under the contract. It may be said, in passing, that, from the record, it appears that since the commencement of this action defendant has paid to plaintiff, all but the difference between the stipulated rate for a voyage to Redondo and the usual rate for one to San Francisco.

While we have stated that the written contract was for the employment of the vessel in transporting lumber, this purpose is not set out in the contract. But, as it is conceded that this was the object of the agreement, and as the omission has no bearing on the particular dispute between the parties as to the other terms of the contract, its absence is unimportant.

It will be observed that the written contract between the parties did not provide for any voyage to San Francisco, but defendant pleaded in its answer that, at the same time the contract in writing for the Redondo voyages was made, a separate, oral, collateral agreement was entered into between the parties to the effect that, as the three voyages to Redondo might not be successive, and as defendant might, in the interim, want a cargo to be sent to San Francisco, it might send one there instead of to Redondo, in which event the price for said cargo would be regular San Francisco rates, which were much less than the rate stipulated to be paid in the contract for freight to Redondo. The court permitted defendant, over the objection of the plaintiff, to introduce parol testimony to prove the making of this alleged contract with reference to the voyage to San Francisco, and from said evidence the court found the existence of such a contract, and as defendant had, prior to the commencement of this action, tendered plaintiff the full amount due at asserted regular rates for a voyage to

CXL. Cal.—7

San Francisco, awarded judgment to the defendant. Plaintiff appeals from the judgment and from an order denying his motion for a new trial, and the principal point in the case is whether the court erred in admitting said parol evidence. It is insisted by the plaintiff that the written contract offered in evidence was complete in all its terms, and being so, parol evidence to vary those terms was inadmissible. While conceding this to be the general rule, the defendant contends,— 1. That the written contract is apparently a "mere memorandum," which on its face shows that it was not intended to, and did not, embrace all the terms of the contract entered into between the parties, and, hence, parol evidence was admissible to supply such terms as were omitted; and 2. That the proof of a parol agreement that the defendant might make a trip to San Francisco in place of a trip to Redondo, was proof of a separate collateral contract between the parties which did not vary the terms of the written agreement.

It is undoubtedly true that there are exceptions to the general rule, such as defendant contends for, and the conditions under which they may be invoked, are: 1. Where from an inspection of the writing it appears upon its face that it is not intended to be a complete contract between the parties, or does not express the entire contract entered into between them, for, if it does, it of course is conclusively presumed to have embraced the entire contract; and 2. Where the parol evidence which is offered is entirely consistent with, and in no manner changes or contradicts, the written instrument. Now, as to the first of these exceptions: Whether a contract is, or is not, complete upon its face, is a matter to be determined by an inspection of the instrument itself, and, governed by that rule, we are unable to see (except in as far as the nature of the cargo was concerned and about which there is no dispute) how there was any term omitted from the contract, or, in what manner it could be deemed incomplete. The engagement between the parties was for the employment of the plaintiff's vessel to ply between specially designated ports, for a compensation fixed for each voyage, together with a designation of the number of voyages to be made. We certainly cannot see that anything was left open in this contract, as to the necessary terms to be embraced in it, which

would warrant the contention of respondent that it was simply "a mere memorandum." There is certainly nothing on the face of the agreement from which it might be inferred that it was intended to be made more specific, or that it was intended to be anything else than the complete contract under which they were to act. There is no difficulty in understanding exactly what was meant; there is no ambiguity in it which necessitated an explanation; and there is no uncertainty to which parol evidence could be addressed. So, as the contract does not appear to have omitted any terms necessary to make it complete, but, on the contrary, appears to be definite in its terms, it did not come within the first exception to the general rule asserted by respondent, and parol evidence was not admissible upon that theory.

Neither do we think the evidence was admissible as coming within the second exception to the general rule, which permits proof of a parol contemporaneous agreement as to any matter upon which the writing is silent, and which is not inconsistent with its terms. The evidence admitted not only did not have that tendency in either particular, but was wholly outside the exception and within the general rule. It was addressed exclusively to matters upon which the writing spoke, and in every particular in which it purported to express the terms of the agreement and the intention of the parties, was inconsistent with them.

It varied the agreement as to all subjects upon which the contract appeared to be definite—voyages, freight, and ports. The contract called for but three voyages, no more or less. It is not pretended that the voyage to San Francisco was one of them. On the contrary, respondent's claim is, that it was an additional one. But, as the agreement was definite that but three voyages should be made, if this parol contract could stand, it would interject into the agreement a fourth voyage. So, as to the rate for freight, which was much less to San Francisco than to Redondo; and the port of entry—San Francisco—was a different port from that specified in the contract. If there is any given term in the written agreement which this parol proof does not attempt to vary, or if there is any term upon which the contract speaks that it does not address itself to, then we have failed to discover it. If it

is permissible in the face of a contract providing for three voyages to prove a fourth, it is equally permissible to prove a dozen·; equally so, as to rates and ports; they may be as variable in the one instance, and as numerous in the other, as parol evidence may supply, and the rights of the parties would be then determined, not by what the written instrument disclosed on these subjects, but by what it did not. And, ·if it can be said that an oral agreement such as is set up here, which attempts to ingraft upon a written contract a different voyage to a different port at a different rate than is specified in the terms of the writing on all these subjects, does not vary the agreement, it would appear difficult to draft one which could receive any protection from the rule as to the conclusiveness of written contracts upon the subjects of which they speak.

Counsel for respondent has cited us to several cases which he contends are similar to the one under consideration. We do not, however, find this similarity, because, in all the cases cited, either it appeared upon the face of the written contract that it did not purport to be complete in itself, but rather a mere memorandum; or the evidence was addressed to some contemporaneous oral agreement as to matters upon which the instrument was silent, and which when proven were not inconsistent with its provisions. Without referring to those cases, particularly, but as indicative of their general trend, and their inapplicability to the contract under consideration, we mention the case of *Kreuzberger* v. *Wingfield*, 96 Cal. 255, cited by him, and relied on as to those points. This case was with reference to the construction of a sidewalk, the contract for which was in writing. The court held that the writing was a mere memorandum, and sustained the lower court in permitting oral  evidence as to agreements not embraced within it, but not inconsistent with it. The court said: "It certainly cannot be determined from this writing whether the sidewalk therein referred to was to be constructed by the plaintiff, who signed it, or by the defendant, to whom it seems to have been addressed, and of·course there is the same uncertainty as to who shall pay for the work. It does not define the mutual obligations of the parties, and is only signed by the plaintiff. In fact it does not purport to bind any one.

It contains no contract stipulations, and shows upon its face that it was only intended as an informal memorandum, and it must therefore be considered in connection with the oral negotiations which preceded it.'' This is all that the case says upon the points under consideration here. In the case at bar there is no such condition of things as appeared in the above case. Here there is no element of uncertainty in the contract. What stipulation is there which should have been inserted in the present contract which was omitted? In what particular could it have been more specific? There are the designated voyages, the compensation, and points of carriage. Nothing is left to be inferred. Everything is expressly stated, and upon the face of the instrument it is evident that the parties succeeded in embracing their final intention upon the subject in the contract, and there is left no room for the application of authorities, which deal solely with mere memoranda of agreements, or which permit matters, evidently omitted from the contract, to be proven when not inconsistent with its terms.

On another branch of the case it is insisted by respondent that, assuming the court erred in admitting parol evidence as to the alleged collateral agreement for a voyage to San Francisco, still plaintiff could only recover for the reasonable value of the trip to that port, and not the stipulated charges for a voyage to Redondo.

We cannot agree with this view. The vessel was under the direction of the defendant, subject to its exclusive orders within the terms of the contract for voyages to Redondo, and nowhere else. The vessel was ready to make these voyages to the designated ports, and if defendant, arbitrarily disregarding the terms of the agreement, sent a cargo to a port other than the one contracted for, that cannot prevent the plaintiff from claiming compensation at the contract rate for a voyage to the port where the vessel should have been sent. He was entitled to earn all the freight which his contract for a voyage to the more distant port called for. Not being in default, the *prima facie* measure of his compensation is the stipulated rate to Redondo. If he was entitled to recover less than this, the burden of proof was upon the defendant, who was the wrong-doer, to show it, and in the

absence of such a showing the stipulated rate must control. We understand this to be the general rule. As said in *The Gazelle*, 128 U. S. 486: "The charterers having refused to order the vessel to such a port as the charter-party called for, and having insisted on ordering her to a different one, were rightfully held to be in default and answerable in damages; and the subject remaining to be considered is the amount of damages awarded against them, consisting of the whole amount of freight, etc. . . . Nothing, therefore, is shown to take the case out of the general rule that a ship-owner, who is prevented from performing the voyage by a wrongful act of the charterer, is *prima facie* entitled to the freight that he would have earned, less what it would have cost him to earn it." To the same effect are *Ellis* v. *Willard*, 9 N. Y. 529; *Jordan* v. *Warren Ins. Co.*, 1 Story, 343; *The Nathaniel Hooper*, 3 Sum. 555; *Hart* v. *Shaw*, 1 Cliff. 363. In all these cases the vessel was under way towards her charter terminus when ordered into an intermediate port by the charterer, without the consent of the owner or the captain of the vessel. This, we apprehend, can make no difference in the rule, which must apply equally in a case where the change is made in violation of the agreement before the vessel commences her voyage, as to one where the change is made after the voyage commences.

We have discussed the rule of damages in view of another trial of the action, which we must order because of the error of the court in admitting the testimony with reference to the alleged parol collateral agreement. The order denying the motion for a new trial is reversed.

McFarland, J., and Henshaw, J., concurred.