[L. A. No. 4693. Department One.—February 15, 1919.]

## HARRY L. HEFFNER, Appellant, v. FRED W. GROSS, Respondent.

CONTRACTS—EVIDENCE—CONSTRUCTION BY COURT.—The question whether a writing is upon its face a complete expression of the agreement of the parties is one of law for the court, and the rule which governs the court in its determination is that if the writing imports on its face to be a complete expression of the whole agreement —that is, contains such language as imports a complete legal obligation—it is to be presumed that the parties have introduced into it every material item and term; and parol evidence cannot be admitted to add another term to the agreement, although the writing contains nothing on the particular one to which the parol evidence is directed.

ID.—WRITTEN AGREEMENT—INADMISSIBILITY OF PAROL EVIDENCE—INSTRUCTED VERDICT.—In an action for damages for breach of an agreement on defendant's part to resign a certain position held by him and to use his influence to procure the appointment of plaintiff thereto, which agreement was alleged to have been made as a part of the consideration for, although not mentioned in, a written contract for the exchange of certain lands, oral evidence was not admissible to prove the agreement, and where there was no competent evidence of it, the court properly instructed the jury to return a verdict for the defendant.

APPEAL from a judgment of the Superior Court of Los Angeles County. Curtis D. Wilbur, Judge. Affirmed.

The facts are stated in the opinion of the court.

Andrew J. Copp, Jr., for Appellant.

F. W. Allender, for Respondent.

SHAW, J.—Plaintiff appeals from a judgment in favor of the defendant.

The complaint states a cause of action for damages from the breach of an agreement alleged to have been made as a part of the consideration for a contract between the plaintiff and defendant for an exchange of their respective tracts of land. The contract of exchange was made in November, 1910. The defendant owned a tract of 280 acres of land, on a certain

forty-acre tract of which the Southern Pacific Railroad Company had an easement to maintain a well and pumping plant by which to supply water for its station at Ravenna. The defendant resided on the land. For more than ·twelve years prior to the said exchange, the said Railroad Company had employed the said defendant to operate its said pump. It is alleged that for the purpose of inducing the plaintiff to make said exchange the defendant promised that ·if it were made he would resign his position as pumper operating said plant, on ·or about April 1, 1911, recommend the plaintiff as his successor, and use his best endeavors to secure for the plaintiff such appointment; that he, the defendant, had great influence in that behalf and that the employment of the plaintiff by said company would be continuous so long as the plaintiff attended to the duties thereof; that his compensation would amount to about $105 a month, including free transportation to and from Acton and Los Angeles, and that it would not require more than about two hours per day of his time; that plaintiff believed said representations and promises and relying thereon he entered into the agreement and made the proposed exchange of land; that the defendant at the time of making said promise had no intention of performing the same, but that plaintiff did not know of said want of intention until April·1, 1911; that in pursuance of said agreement of exchange the plaintiff and defendant each executed to the other a deed for his own land; that thereafter, on April 1, 1911, plaintiff demanded of said defendant that he sever his connection with said company as operator of said pumping plant, but the defendant refused to do so and still refuses, and refused to recommend the plaintiff as his successor; that if he had resigned his position as pumper and recommended said plaintiff as his successor the said company would have employed the plaintiff in that capacity, and that by said refusal the plaintiff has been damaged in the sum of ten thousand dollars.

Upon the trial it was shown that a contract in writing was made between the parties, relating to the exchange, and the respective deeds were deposited in escrow with the Title Insurance and Trust Company, each grantor accompanying his deed with written instructions to said company directing the delivery thereof upon the happening of the conditions specified in the instructions. Each grantor signed the instructions which accompanied his own deed to the other party, but did

not sign the instructions of the other party. All of these documents bore the date of November 10, 1910. The respective instructions to the escrow company contained no provisions concerning the pumping plant or resignation by the defendant of his position as pumper for the Southern Pacific Company. The promise of the defendant to resign his position and endeavor to secure the appointment of the plaintiff as pumper as aforesaid was not in writing. At the close of the evidence the court directed the jury to return a verdict in favor of the defendant on the ground that the contract of exchange between the parties had been reduced to writing; that it was presumed to contain all the agreements between the parties relating to said exchange and that the alleged contract in regard to the position of pumper for the Southern Pacific Company was not contained in said writings but was entirely in parol, that it should have been incorporated in the writings if the parties intended to rely upon it, that as it was not so incorporated it must be wholly disregarded, and that consequently there was no competent proof of the contract alleged in the complaint for the breach of which the plaintiff sought to recover damages. It is claimed that this instruction was erroneous.

The record is presented in typewriting, under the provisions of sections 953a and 953c of the Code of Civil Procedure. The appellant does not in his brief set forth said escrow instructions, nor point out anything purporting to give the substance thereof. On examining the typewritten record we find that the escrow instructions were introduced in evidence, but that they are not set forth in the record, either in terms or in effect. The plaintiff resided at Newport, in Orange County, and the defendant on his land, near Ravenna, in Los Angeles County. It appears from the parts of the record printed by the respondent in his brief that the escrow instructions did not constitute the entire contract between the parties, but that, as above stated, other writings were made between them. In the latter part of October, 1910, letters were exchanged between the parties concerning the deal, the plaintiff making a proposal and the defendant a counter-proposal. The letters state the proposed terms of exchange in detail and they show that the parties were approaching an agreement. Reference was made to the agreement with the Railroad Company, giving it an easement to maintain and operate the well and pump,

but the letters contain not a word concerning any proposed resignation by Gross of his position as pumper or the recommendation of Heffner, or of anyone, as successor. On November 10, 1910, contemporaneously with the deposit of the deeds in escrow, the parties executed two agreements in writing, which are as follows:

"Los Angeles, Cal., Nov. 10, 1910.

"This agreement by and between Fred W. Gross and H. L. Heffner, Witnesseth, that whereas the said Fred W. Gross has conveyed unto the said H..L. Heffner that certain ranch property known as the Gross ranch, at Ravenna, California, and comprising two hundred eighty (280) acres, more or less, and whereas, a certain parcel of the said ranch known as the N. W. ¼ of the N. W. ¼ of section 14, is encumbered by a deed to Phoebe L. Parker and Rebecca LeBaron, who hold no title, and, whereas, said deed constitutes an encumbrance, it is therefore hereby promised and agreed by the said Fred W. Gross to remove the aforementioned deed by a quit claim from the parties thereto, within six (6) months from date of this agreement, and failing to do so within the time specified, it is herein agreed and promised by the said Fred W. Gross to quiet title to said forty (40) acre tract by process of law, and to use all power to press the suit to an early conclusion; it is further promised that the said purchaser, Harry L. Heffner, shall not be called upon for any portion of the expenses whatsoever.

"(Signed)   FRED W. GROSS.

"Approved:
        "H. L. HEFFNER."

"Los Angeles, California, Nov. 10, 1910.

"This agreement, made and entered into this 10th day of November, 1910, by and between Harry L. Heffner and Fred W. Gross.

"Witnesseth, that Harry L. Heffner, the purchaser of the Gross ranch, does hereby grant to Fred W. Gross thirty (30) days from November 15, 1910, in which to remove the live stock belonging to said Fred W. Gross from the ranch, and sixty (60) days from November 15, in which to remove the personal property owned by the said Gross.

"(Signed)   H. L. HEFFNER.

"Approved:
        "F. W. GROSS."

Section 1856 of the Code of Civil Procedure puts in statutory form a well-established rule of evidence in the following words, to wit:

"When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be between the parties and their representatives, or successors in interest, no evidence of the terms of the agreement other than the contents of the writing."

The section contains certain exceptions, also well established in the law of evidence, relating to cases where it is sought to correct a writing or where its validity is in dispute, or where extrinsic evidence is necessary to explain an ambiguity, but as neither of these circumstances appear in this case the exceptions are not material. The proper construction of this section and its application to a case like the present one is stated in *Harrison* v. *McCormick*, 89 Cal. 330, [23 Am. St. Rep. 469, 26 Pac. 831], as follows:

"The question whether a writing is upon its face a complete expression of the agreement of the parties is one of law for the court, and the rule which governs the court in its determination has been well stated as follows: 'If it imports on its face to be a complete expression of the whole agreement— that is, contains such language as imports a complete legal obligation—it is to be presumed that the parties have introduced into it every material item and term; and parol evidence cannot be admitted to add another term to the agreement, although the writing contains nothing on the particular one to which the parol evidence is directed.' " The following rule from Greenleaf on Evidence, section 275, is approved in that case: "When parties have deliberately put their agreement in writing in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the whole engagement of the parties and the extent and manner of their undertaking was reduced to writing." (See, also, *Bradford Inv. Co.* v. *Joost*, 117 Cal. 209, [48 Pac. 1083], *Gardiner* v. *McDonogh*, 147 Cal. 319, [81 Pac. 964], and *Johnson* v. *Bibb Lumber Co.*, 140 Cal. 98, [73 Pac. 730].)

Under the rule thus stated there can be no doubt that the court was correct in disregarding the evidence concerning the alleged promise and agreement of Gross to resign his position

as pumper and recommend Heffner as his successor.. The two documents above set forth contain a complete statement of the terms of the contract and leave no uncertainty as to the object or extent thereof.    They appear to have been made as the conclusion of previous negotiations between them.    We are uninformed as to the contents of the escrow instructions, but as it is possible that they may have contained other conditions of the contract, and as said instructions together with the aforesaid agreements and the deeds were all made at the same time, and as a part of the same transaction, and must be taken together as constituting the entire contract between the parties, and further as we are bound to presume in favor of the action of the court below, we would also, if necessary to support the ruling, assume that the escrow instructions were of such a character as to exclude the existence of any collateral parol agreement between the parties regarding said position as pumper or any other matter.

A number of other questions are discussed by the appellant concerning the amount of damages and the right to recover damages upon such a contract, but as what we have already said is decisive of the case and requires an affirmance of the judgment, it is unnecessary to consider them.

The judgment is affirmed.

Sloss, J., and Lawlor, J., concurred.