[Civ. No. 9842. First Appellate District, Division One.—August 12, 1936.]

H. A. SORENSEN, Appellant, v. COMMERCIAL CREDIT COMPANY (a Corporation), Respondent.

Clyde C. Sherwood and James R. Agee for Appellant.

Robert G. Partridge and Ralph E. Bancroft for Respondent.

KNIGHT, J.—This is an action for damages, brought on a complaint setting up two causes of action. The first is for the alleged breach of an oral agreement to sell seventy-six used automobiles, and the second is for the conversion of said automobiles. A nonsuit was granted, and plaintiff appeals from the judgment of dismissal entered pursuant thereto.

The evidence shows that the automobiles in question were repossessed by defendant from the H. O. Harrison Company (which subsequently became bankrupt) after default in payment of loans advanced thereon by defendant; and that shortly thereafter negotiations were opened by the plaintiff with defendant for the purchase thereof. Fifteen of the cars were stored in plaintiff's used car storeroom and eleven or twelve more were stored with a radiator company. The negotiations continued for several days, and finally, on June 30, 1932, the parties agreed upon a price of $25,393.65 for the entire lot. However, at that time defendant informed plaintiff that it would be unable for a period of five days to transfer or deliver the certificates of ownership of the automobiles, all of which were then in its possession, because the

trustee in bankruptcy was entitled within that time to pay off the loans and redeem the property. The State Finance Company, which was financing the purchase for plaintiff, thereupon refused to deliver its check for the purchase price unless there was an immediate transfer and delivery to it of said certificates. Considerable discussion followed, and eventually, on that same day, all parties being present, an arrangement was agreed upon whereunder the sale of the automobiles was made direct to the finance company, subject to a five-day option to defendant to repurchase; and in consummation thereof the following instrument was drawn in plaintiff's presence, and later, in his presence also and at his direction, was signed by the executive of the finance company: "San Francisco, Calif. June 30, 1932. The undersigned agrees that in consideration of the sale to it of certain used cars repossessed from H. O. Harrison Company to which inventory is hereby referred agrees that in the event the Commercial Credit Company shall desire to repurchase such cars on or before the hour of eleven o'clock a. m. of the fifth day of July, 1932, it shall have the option to do so by the repayment to the undersigned of the sum of $25,393.65 whereupon the undersigned agrees to reassign the legal ownership certificates and quit claim to all of said automobiles and agrees that the sale shall be nullified entirely. State Finance Company, C. J. Busby, Pres." Upon the execution of said instrument the finance company delivered its check for the entire purchase price to defendant, and defendant transferred and delivered to the finance company the certificates of ownership. All of this was done also in plaintiff's presence and at his request. Defendant also delivered to plaintiff an order on the radiator company for the delivery of the eleven or twelve cars there stored. Two days later, however, and on July 2, 1932, defendant exercised its option to repurchase, and in consummation thereof paid to the finance company the entire purchase price called for by the option, and received a retransfer and redelivery of the certificates of ownership. At no time did the trustee in bankruptcy offer to redeem the automobiles, and subsequently defendant disposed of them to other buyers, the total price received being somewhat above the sale price to the finance company.

Plaintiff's contention that the trial court erred in granting the nonsuit arises out of the following situation: The written option to repurchase, as will be noted, contained no restrictions whatever. It was unconditional. But plaintiff introduced testimony to the effect that during the negotiations leading up to the execution of said instrument defendant promised orally that it would not exercise said option unless the trustee in bankruptcy sought to redeem the property; and he bases both causes of action on the strength of such oral promise, claiming that in the absence of any attempted redemption of the property by the trustee in bankruptcy, defendant's action in exercising the option constituted a breach of said oral promise for which he was entitled to damages, and that the subsequent sale of the automobiles to other dealers constituted a conversion. The trial court held, however, that since the parties reduced the option to writing, the unconditional terms thereof superseded and were controlling over any previous oral agreements inconsistent therewith; and that, therefore, no breach of the written option being shown, plaintiff was entitled to no relief. We find no error in the trial court's ruling.

As declared by section 1625 of the Civil Code, the execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations and stipulations concerning its matter which preceded or accompanied the execution of the instrument. Moreover, section 1856 of the Code of Civil Procedure provides that when the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all of those terms, and therefore there can be between the parties and their representatives or successors in interest no evidence of the terms of the agreement other than the contents of the writing.

It is to be conceded, of course, that where a written instrument appears to be incomplete, then evidence of the existence of oral stipulations not contained in the instrument may be received (*Sivers* v. *Sivers*, 97 Cal. 518 [32 Pac. 571]; *Buckner* v. *Leon & Co.*, 204 Cal. 225 [267 Pac. 693]); but in this connection it is well settled that the oral stipulations sought to be established must not, as here, be inconsistent with the written terms. (*Pacific States Securities Co.* v. *Steiner*, 192 Cal. 376 [220 Pac. 304].) Furthermore, as de-

clared in *Heffner* v. *Gross,* 179 Cal. 738 [178 Pac. 860], in quoting from *Harrison* v. *McCormick,* 89 Cal. 327, 330 [26 Pac. 830, 23 Am. St. Rep. 469] : "The question whether a writing is upon its face a complete expression of the agreement of the parties is one of law for the court, and the rule which governs the court in its determination has been well stated as follows: 'If it imports upon its face to be a complete expression of the whole agreement—that is, contains such language as imports a complete legal obligation—it is to be presumed that the parties have introduced into it every material item and term; and parol evidence cannot be admitted to add another term to the agreement, although the writing contains nothing on the particular one to which the parol evidence is directed.' " And continuing, the court in *Heffner* v. *Gross, supra,* goes on to say: "The following rule from Greenleaf on Evidence, section 275, is approved in that case: 'When parties have deliberately put their agreement in writing in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the whole engagement of the parties and the extent and manner of their undertaking was reduced to writing.' (See, also, *Bradford Inv. Co.* v. *Joost,* 117 Cal. 204, 209 [48 Pac. 1083], *Gardiner* v. *McDonogh,* 147 Cal. 319 [81 Pac. 964], and *Johnson* v. *Bibb Lumber Co.,* 140 Cal. 95, 98 [73 Pac. 730].)"

In the present case the trial court held, as indicated by its rulings, that the option embodied in the written instrument was complete; and the instrument itself fully sustains such conclusion. It identified the property, fixed the price to be paid therefor, and limited the time for the exercise of the option; consequently, nothing more was essential to the completion of a legal obligation; and as the trial court held, since the terms of the written option were unconditional, defendant's right thereunder to reacquire and resell said automobiles was absolute.

Plaintiff also testified that at the time of the execution of said written instrument he was unaware of the exact language used therein; but no attack whatever is made against the validity of said instrument in the present action; the complaint contains no allegations of fraud, accident or mistake, nor did plaintiff ask for any relief on those grounds. Therefore, under the issues presented by the pleadings, the

trial court would not have been justified in setting aside, reforming or adding to the terms of said instrument, or otherwise granting any relief on the grounds mentioned.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 8, 1936.