[Civ. No. 9770.   Third Dist.   Feb. 23, 1960.]

PROFESSIONAL BUILDING OF EUREKA, INC. (a Corporation), Appellant, v. ANITA FROCKS, INC., NUMBER 6 (a Corporation) et al., Respondents.

Falk & Falk and Charles E. Buxton, Jr., for Appellant.

Huber & Goodwin and Robert D. Prior for Respondents.

WARNE, J. pro tem.*—This is an appeal from a judgment of dismissal entered after the sustaining of a demurrer without leave to amend in an action for an accounting of rents.

The pertinent allegations of the complaint are in substance as follows: That on December 26, 1947, Lloyd V. Bridges, then owner of a certain commercial building located at the southeast corner of 5th and "F" Streets, in the city of Eureka, as lessor, entered into a lease agreement with the defendant, Anita Frocks, Inc., Number 6, a corporation, a retail ladies ready-to-wear business, as lessee.

That defendant Margot Colby Bowen unconditionally guaranteed performance by lessee of said lease, including without limitation the payment of the rentals at the times and in the amounts therein specified.

That on October 31, 1953, Lloyd V. Bridges conveyed said building and premises to plaintiff and assigned to plaintiff all his rights under said lease.

That the term of said lease was 10 years, commencing on April 1, 1948, and ending on March 31, 1958. Said lease provided for $700 "guaranteed rent" to be paid monthly in advance and payments of a sum equal to 6 per cent of the amount of gross sales of merchandise designated as "percentage rent," less the "guaranteed rent" for each yearly period, payable on May 1st of each year, commencing May 1, 1949. "Gross sales" were defined in the lease as "all sales made by Lessee, both cash and credit; all charges for services and alterations and repair work in the gross amount received from any and all other sources of income derived from business conducted on the premises."

On March 29, 1957, defendant Anita Frocks, Inc., Number 6, a corporation, opened and established a ladies ready-to-wear business at the southwest corner of 5th and "F" Streets, in said city of Eureka, and diverted its business from the aforesaid leased premises at the southeast corner of 5th and "F" Streets to the new premises at the southwest corner of 5th and "F" Streets; and after the diversion of said business the rentals paid by Anita Frocks, Inc., Number 6, to plaintiff amounted to the minimum payment of $700 per month.

It is alleged that the diversion of said business by said defendant Anita Frocks, Inc., Number 6, was willful, deliberate and with the intent of depriving plaintiff of the percentage

*Assigned by Chairman of Judicial Council.

rental during the remaining term of the lease; and that by reason of said business being diverted to the new premises on March 29, 1957, to the termination of said lease on March 31, 1958, plaintiff was deprived of the percentage rental referred to in said lease. It is further alleged that from the execution of said lease up to the time of the departure of defendant Anita Frocks, Inc., Number 6, from the premises the monthly rental paid averaged $1,485. A copy of the lease is attached to the complaint. Respecting occupancy and rental it provides: "That said leased premises shall be used, occupied and conducted exclusively as and for Ladies Ready-to-Wear Business. . . ." Lessee agreed to pay "A monthly rental in advance of Seven Hundred and No/100 ($700.00) Dollars . . . to said Lessor during the full term of this lease on the first day of each and every month, . . . Said rent to be designated as the 'Guaranteed Rent.' In addition to said Guaranteed Rent, Lessor shall be entitled to receive from said Lessee and said Lessee agrees to pay to Lessor as 'Percentage Rent' on the first day of May of each year, commencing May 1st, 1949, a sum equal to six (6) per cent of the amount of gross sales of merchandise less the aggregate amount of the minimum monthly rental paid by Lessee during said year, . . . yearly thereafter, for the entire ten (10) year period of said lease. . . ."

Appellant contends that the complaint states a cause of action for an accounting to determine the amount of rent due by reason of lessee's breach of an implied covenant to remain in business on the demised premises for the full term of the lease to insure appellant a fair and adequate return on its premises. We believe that appellant's contention is sound.

In ruling on the question of adequacy of minimum guaranteed rent, the courts have looked at length into the circumstances surrounding the inception and performance of each lease agreement. (*Lippman* v. *Sears, Roebuck & Co.*, 44 Cal.2d 136 [280 P.2d 775]; *Hicks* v. *Whelan Drug Co.*, 131 Cal.App.2d 110 [280 P.2d 104]; *Masciotra* v. *Harlow*, 105 Cal. App.2d 376 [233 P.2d 586]; *Cousins Inv. Co.* v. *Hastings Clothing Co.*, 45 Cal.App.2d 141 [113 P.2d 878].) In *Lippman* v. *Sears, Roebuck & Co.*, *supra,* the court said at page 145: "The term 'minimum monthly payments' has no fixed legal significance; its meaning can be ascertained only by reference to the circumstances in which the lease was executed. Extrinsic evidence, therefore, was properly ad-

mitted to show those circumstances.'' It may be admitted in connection with the question as to whether the minimum monthly payments constituted a substantial minimum rental.

It seems to us that whether the lessor under a percentage lease guaranteeing a minimum rental has cause to complain when the business is conducted in such a way that it will not produce additional rent consisting of percentages of gross sales is a matter depending largely upon the intention of the parties to the contract, as expressed in the contract, construed in the light of the circumstances under which it was made. Such is necessary in order to determine whether the minimum rental for the leased premises was intended as adequate rental. If not, it would follow that there was an implied covenant of the lessee to so conduct the business on the leased premises as to make it mutually profitable to both parties. (*Cousins Inv. Co.* v. *Hastings Clothing Co., supra.*) These are matters which present a factual question which cannot be decided as a matter of law, when as in the instant case the lease makes no provision covering such circumstances and the intent of the parties is uncertain.

The judgment is reversed.

Van Dyke, P. J., and Schottky, J., concurred.