F. L. JENKINS, FLORENCE J. RAMSEY, McBRIDE JENKINS GIBSON, WILLIE JENKINS HANKS, AND BEULAH JENKINS HELTON v. ROSE'S 5, 10 AND 25c STORES, INC.

(Filed 25 May, 1938.)

**Landlord and Tenant § 22—Lessee is not contractually bound to occupy and use demised premises in absence of express agreement in lease.**

The lease in question provided for a minimum monthly rental in a designated sum, with provision that lessee should pay in addition thereto five per cent of its gross sales in excess of a stipulated amount made in the store operated in the building. Lessee operated the store in the

building for several years and paid lessors the minimum rent plus five per cent of its sales over the stipulated amount, but for the year in question lessee operated its store in another building in the city, and paid lessors the minimum monthly rent only. This action was instituted by lessors to recover five per cent of gross sales over the stipulated amount made by lessee in its new location upon plaintiffs lessors' contention that the lease, by implication, required lessee to operate its store in lessors' building. *Held:* In the absence of specific provision in the lease contract that lessee should occupy and use the demised premises, lessee is not bound so to do, and lessors are entitled only to the minimum rent stipulated in the contract for the year in question.

SEAWELL, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Rousseau, J.,* at November Term, 1937, of IREDELL. Reversed.

*Scott & Collier for plaintiffs, appellees.*
*Perry & Kittrell and Land & Sowers for defendant, appellant.*

SCHENCK, J. This is an action to recover a balance alleged to be due on a rental contract for the year 1936. The plaintiffs are the owners of a certain storehouse in the city of Statesville which they leased to the defendant, under a written lease, for the year 1933. The lease was renewed for the years 1934, 1935 and 1936. The rents for the years 1933, 1934 and 1935 have been paid and received, and there is no controversy as to them. $2,400 has been paid and received, without prejudice to other rights, for the year 1936. The plaintiffs allege and contend that there is still due them the sum of $1,248.18 on rent for the year 1936. The defendant alleges and contends that the $2,400 paid and received was a full settlement of the rent due for the year 1936.

The portion of the lease germane to this controversy reads: "(1) The lessors (the plaintiffs) do hereby demise and let unto the lessee (the defendant) and the lessee agrees to take and pay for, as hereinafter provided, for a period of one (1) year, beginning the 1st day of January, 1933, and ending the 31st day of December, 1933, the following described premises: 'The two-story brick building now occupied by the lessee, located on Center Street, in the city of Statesville.' (2) The lessee shall have and hold said property with the privilege of quiet and unmolested possession for the term of one (1) year, as above set forth, for which the lessee agrees to pay as rental five per cent (5%) of the gross sales made by the store operating in said building during the twelve months from January 1, 1933, to December 31, 1933; the lessee guarantees the lessors a minimum rental of two thousand and four hundred ($2,400.00) dollars for said term of one year, which shall be paid in monthly installments of two hundred dollars ($200.00) per month, at

the end of each month, said minimum rental of $2,400.00 to cover the rental of 5% on the first forty-eight thousand dollars ($48,000.00) of sales made by the store in said building, from January 1, 1933, to December 31, 1933, and upon the expiration of said term if said sales shall have exceeded $48,000.00, the lessee shall account to the lessors for and pay over to them the sum of five per cent (5%) on any sales in excess of $48,000.00 so that the total rent paid shall represent 5% on all sales made by the store in said building during the term of this lease."

The defendant retained the premises under this lease during the years 1933, 1934, 1935 and 1936, and paid to the plaintiffs rents for said years in the sums of $3,126.88, $3,609.07, $3,648.18 and $2,400.00, respectively. During the year 1936 the defendant did not operate any store or business in the demised premises, but conducted its business in another location in Statesville.

The difference in the amount of the rent paid and received for the years 1933, 1934 and 1935 and $2,400.00 represents 5% of the gross sales in excess of $48,000.00 made by the store operated by the defendant in the demised premises during said years. There being no sales made from any store operated in said premises during 1936, the defendant contends that the $2,400.00 paid and received was in full settlement of all rent due by it to the plaintiffs for said year. The plaintiffs, on the other hand, contend that under the lease the defendant was bound to conduct, with reasonable diligence, a store in the demised premises during the existence of the lease, and its failure to do so was a breach of the contract of lease, whereby "the plaintiffs were deprived from receiving the rents and profits that would arise and accrue from the reasonable occupancy of the premises by the defendant for the purpose for which it was leased, in an amount of $1,248.18 over and above the minimum rental of $2,400.00 which the defendant paid the plaintiffs for the year 1936. . . ."

It was agreed by the parties that the judge should find the facts without the intervention of a jury, and render judgment thereupon.

When the plaintiffs had introduced their evidence and rested their case, the defendant moved to dismiss the action and for a judgment as in case of nonsuit, and upon refusal of the motion reserved exception, and the defendant again moved to dismiss after all the evidence on both sides was in. The motion was again refused and defendant reserved exception. C. S., 567.

The judge held and adjudged that the plaintiffs were entitled to recover only by virtue of the written contract, and under the written contract they were entitled to recover the sum of $1,061.38, such amount being 5% of the average gross sales from the store operated· by the defendant in the demised premises for the years 1933, 1934 and 1935, less the $2,400.00 paid and received for the year 1936. To the judgment the defendant reserved exception.

Meacham v. R. R.

An examination of the lease fails to show any stipulation or agreement requiring the defendant to operate a store in the demised premises. The lease shows that the plaintiffs very completely protected their interests in any contingency by requiring a fixed minimum rental of $200.00 per month. Whether the defendant operated a store in the building or whether it operated one successfully was no concern of the plaintiffs unless and until there were sales made on the premises in excess of $48,000.00 during the rental year. If the defendant operated at a loss it must continue to pay the $200.00 per month.

The plaintiffs in their brief admit that "there is no express covenant in the lease that the store will be operated," but contend that such covenant is "implied in the very terms of the contract and the nature of the lease." Such does not seem to be the rule.

The rule applicable to the duty of a tenant to occupy or use the premises is thus stated in the annotations of 46 A. L. R., at page 1134: "Apart from the question of liability for waste, it seems that the tenant is under no obligation, in the absence of specific provision therefor, to occupy or use, or continue to use, the leased premises, even though one of the parties, or both, expected and intended that they would be used for the particular purpose to which they seemed to be adapted or constructed." Authorities are cited to sustain the rule as here stated.

In the absence of any specific provision in the contract of lease that the defendant was to occupy the demised premises and was to operate a store therein during the life of the lease, we are constrained to hold that the $2,400.00 paid and received was a full settlement of the rent due for the year 1936, and that his Honor erred in refusing to allow the motion of the defendant to dismiss the action and for a judgment of nonsuit.

Reversed.

SEAWELL, J., took no part in the consideration or decision of this case.