LOWE'S OF SHELBY, INC. v. JOHN J. HUNT, AND WIFE, RUBY C. HUNT

No. 7623SC66

(Filed 7 July 1976)

**Landlord and Tenant § 19— percentage of sales as additional rent — sales at another location**

> Provision of a lease agreement requiring the lessee to pay an additional rental of one-half percent of "all sales" in excess of $900,000 did not apply to sales made by the lessee at another location between the time the lessee moved out of the leased premises and the termination date of the lease where the lease did not require the lessee to conduct its business on the leased premises for the full term of the lease.

APPEAL by defendants from *McConnell, Judge.* Judgment entered 11 December 1975, Superior Court, WILKES County. Heard in the Court of Appeals 22 January 1976.

This is an action under the Uniform Declaratory Judgment Act requesting court interpretation of a written lease wherein defendants leased a certain store building in Shelby to plaintiff. The lease agreement, dated 1 August 1969, recited that an existing lease expired 31 July 1969; that the lease period was five (5) years subject to three (3) additional five (5) year options; and that the leased property (particularly described) was located three (3) miles east of Shelby on the south side of U. S. Highway 74 By-Pass. The rental paragraph provided for $9,000.00 per year for the first five (5) years of the lease, and further provided:

> " . . . In addition to the rental set out above, in the event the sales for the fiscal year of Lowe's of Shelby, Inc. shall

exceed NINE HUNDRED THOUSAND AND NO/100 DOLLARS ($900,000.00), the Lessee will pay as additional rental one-half per cent of all sales in excess of NINE HUNDRED THOUSAND AND NO/100 DOLLARS ($900,000.00) for the original term of this lease and any extensions thereof, if any. By way of illustration only, if the sales for a fiscal year equal ONE MILLION SIX HUNDRED THOUSAND AND NO/100 DOLLARS ($1,600,000.00), then the additional rental for the year will be THREE THOUSAND FIVE HUNDRED AND NO/100 DOLLARS ($3,500.00)."

Also included in the lease agreement was a provision for $3,000.00 liquidated damages if plaintiff failed to exercise its option to renew, and provisions that the leased premises could be used for any lawful purpose, and that plaintiff "shall have the right to sublet the premises or to assign this lease or any part thereof."

Plaintiff occupied the premises until 31 August 1973, when it moved to a new location.

Plaintiff admits liability for $3,000.00 liquidated damages and for the additional rental based on sales during the month of August 1973, in the sum of $1,319.73, but defendants in their cross-complaint allege that plaintiff is liable for additional rental based on sales made by plaintiff at its new location between 31 August 1973, and 31 July 1974, the termination date of the lease, in the sum of $16,072.50, one-half per cent of sales in the total sum of $4,114,573.00.

After hearing, the trial court entered judgment for plaintiff, limiting defendants' recovery to $3,000.00 liquidated damages and $1,319.73 additional rental based on August 1973 sales. Defendants appeal.

*McElwee, Hall & McElwee by W. H. McElwee for plaintiff appellee.*

*Horn, West, Horn & Wray by J. A. West for defendant appellants.*

CLARK, Judge.

This appeal presents the following issue: Does the lease agreement of 1 August 1969, providing for payment of additional rental of one-half per cent of all sales in excess of

$900,000, apply to sales made at plaintiff's new location between 31 August 1973, when plaintiff moved out of the leased premises, and 31 July 1974, the termination date of the lease?

The defendants contend that the provision in the lease for additional rental based on percentage of sales plainly states that it applies to "all sales" in excess of $900,000.00, and relies on the basic rule of contract law that a contract is to be interpreted as written, and "if there be no dispute in respect to the terms of the contract and they are plain and unambiguous, there is no room for construction." *Kohler v. Construction Co.,* 20 N.C. App. 486, 490, 201 S.E. 2d 728, 731 (1974).

On the other hand, the plaintiff relies on the landmark case of *Jenkins v. Rose's Stores, Inc.,* 213 N.C. 606, 197 S.E. 174 (1938). The lease provided for a guaranteed "minimum rental of $2400" per year and "five per cent (5%) of the gross sales made by the store operating in said building" during the year. Defendant, after renewing the lease for the year of 1936, did not operate any store or business in the demised premises, but conducted its business in another location. Defendant paid the "minimum rental" of $2400.00 for the year of 1936, but plaintiff sought to recover an additional rental under the percentage of sales provision. It was held that since "the lease fails to show any stipulation or agreement requiring the defendant to operate a store in the demised premises" and the plaintiffs "very completely protected their interests in any contingency by requiring a fixed minimum rental," the $2400.00 paid by defendant was in full settlement of the rent due.

We note that in *Jenkins* the percentage of sales provision in the lease included the language "sales made by the store operating in said building," but in the case before us the lease provides for a percentage of "all sales" in excess of $900,000.00. However, apart from the "Rental" paragraph, there are other provisions in the lease agreement which make it clear that the plaintiff was not required to conduct business on the premises for the full term of the lease. The "Use of Premises" paragraph provides that the leased premises may be used for any lawful purpose, and the "Sublease" paragraph provided that plaintiff "shall have the right to sublet the premises or to assign this lease or any part thereof." The *Jenkins* case, if not controlling, is highly persuasive. *Sub judice,* it is apparent that the lease agreement did not require plaintiff to occupy or operate its

business in the leased premises during the lease term or in any other location within the trading area; if it elected to vacate and cease operations, plaintiff was required to pay only the fixed rental and not the additional sales percentage rental. Having this option, the lease agreement, reasonably interpreted, does not require payment of the sales percentage rental where plaintiff elected to vacate the premises and operate its business in a new location.

Law review commentators have vigorously attacked *Jenkins*, crediting it with the development of the "substantial minimum rental" doctrine. See 72 Columbia L. Rev. 625; 61 Harv. L. Rev. 317 (1948) ; 60 Nw. U. L. Rev. 677 (1965) ; 33 Tex. L. Rev. 530 (1955). However, we do not concede, as these commentators announce, that the decision in *Jenkins* is founded on the premise that the primary rental obligation under the lease is the fixed rental and the sales percentage rental merely a "bonus." These rental provisions are not controlling but must be considered with all other applicable provisions of the lease agreement in determining whether the lease requires payment of percentage rental if the lessee vacates the leased premises and moves to a new location. See *Masciotra v. Harlow*, 105 Cal. App. 2d 376, 233 P. 2d 586 (1951) ; *Tuttle v. W. T. Grant Co.*, 5 N.Y. App. Div. 2d 370, 171 N.Y.S. 2d 954, aff'd. 204 N.Y.S. 2d 124 (1960).

The judgment of the trial court, which limited defendants' recovery to liquidated damages in the sum of $3,000.00 and to $1,319.73 additional rental based on sales in August 1973, is

Affirmed.

Chief Judge BROCK and Judge HEDRICK concur.