DOUGAN, Appellant, vs. H. J. GRELL COMPANY, Respondent.

*March 9—April 5, 1921.*

*Landlord and tenant: Independent leases: Property to be devoted to certain uses: Necessity of continuous user: Trade fixtures: Disclaimer in pleading: Force and effect: Costs in equity cases: Discretion of court.*

1. A lease of land to be used for the purpose of manufacturing butter, executed in 1894, and a lease five years later of a small piece of land for the purpose of providing a residence for the butter-maker, are independent agreements, and provisions contained in the second lease relating to re-entry could not be construed as though contained in the first.

2. A clause in the lease providing that the leased premises were to be used for "the purpose of residence for butter-maker" cannot be construed to contain an implied covenant that there was to be a continued possession of the dwelling house by one who was a butter-maker.

3. Where buildings were placed on the leased premises by the tenant and continuously assessed as personalty and the taxes paid by the tenant, who also kept the buildings insured, the structures erected and the machinery contained in the buildings being suitable for and devoted to business purposes, the tenant, although there be no express stipulation in the lease, had the right to remove all of such fixtures and the machinery contained in them at or before the lawful expiration of his term.

4. In an action by the lessor to forfeit the lessee's title and interest, a disclaimer by the lessee, in its notice of a proposed auction sale of the leasehold interest and in its pleadings, expressly reciting that a certain dwelling house on the leased premises was not to be removed by it, is binding on the defendant lessee.

5. In an equitable action by the lessor to declare a forfeiture of the lease, the trial court is *held* not to have abused its discretion to award costs in whole or in part pursuant to sub. (7), sec. 2918, Stats., it having awarded them to the defendant lessee in a limited amount.

APPEAL from a judgment of the circuit court for Dodge county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

The plaintiff's predecessor in title of a farm about seven miles south of Beaver Dam, six miles from Columbus, in a

dairy community in Dodge county, on October 31, 1894, made a written agreement with Charles Christians and J. W. Puerner whereby there was leased to them for ninety-nine years at an annual rental of $5 about one half of an acre from the northwest corner of the farm. Two copies of such lease were signed by the respective parties. Each copy contained the following: "said premises to be used only for the purpose of manufacturing butter and cheese." In the copy of lease retained by the lessees this provision immediately followed the above quotation: "with the privilege of erecting buildings suitable for that purpose."

Shortly afterwards a factory building about 20 by 40 was erected on a stone foundation which extended a foot and a half into the ground. Subsequently a receiving station was added and a cement floor laid beneath the entire factory building. A barn was also moved onto the premises and placed upon a similar stone foundation.

On January 2, 1899, a similar lease was made to Charles Christians alone of a strip of land forty feet in width alongside the factory premises, also at a rental of $5 per annum. This lease contained a provision: "said premises to be used for the purposes of a residence for butter-maker," and also the following provisions:

"If the lessee shall underlease the said premises . . . without the consent of the lessor, then the lessor may expel the lessee from the premises forthwith," and "If the party of the second part . . . shall use said premises, or any part thereof, contrary to the conditions herein contained, . . . this lease shall be void as to the party of the second part, and the party of the first part . . . shall be entitled to the immediate possession of said premises without hindrance or delay."

A house about 26 by 16 was built on a stone foundation. There are other buildings on the two pieces of land without substantial foundations.

The defendant came into possession of the premises by subsequent assignments from the lessees. For about two

Dougan v. H. J. Grell Co. 174 Wis. 17.

and one-half years prior to December, 1920, the time of the trial, the factory and the other buildings were not used for any purpose whatsoever. On January 17, 1920, the defendant made a verbal lease with one Edward Maasche, who was employed on one of the neighboring farms, for the use of the dwelling house at the rate of $5 per month.

The buildings on the premises have been assessed as personal property and taxes thereon have been paid by the lessees, who have also kept the buildings insured.

May 5, 1920, the defendant sent to plaintiff a check for $10 for the purpose of paying the rent then due for the two separate pieces of land.

May 8, 1920, the plaintiff wrote to the defendant returning the ten-dollar check and saying as follows:

"You have violated the terms of the lease dated October 31, 1894, made between my father, Samuel W. Dougan, and Charles Christians and John W. Puerner, by failing to use the premises described in that lease for the purpose of manufacturing butter and cheese. You have also violated the terms of the lease dated January 2, 1899, made between my father, S. W. Dougan, and Charles Christians, in that you have failed to use the premises therein described for the purpose of a residence for butter-maker. By reason of such violations, I now declare both of said leases forfeited and of no further force or effect."

Public notice was given by the defendant by posting of bills in the neighborhood of the premises, the material parts of which notice are as follows:

"*Auction!* The undersigned will sell at public auction the cheese factory and barn with contents, also good house, on Frid. May 14, . . . on the premises. House carries with it a lease of ninety-nine years and is in good condition. The factory buildings contain a large amount of good lumber. Machinery, etc. The sale will also include a twenty h. p. boiler and bridging, milk cans, Twentieth Century milk heater, pump, piping, shafting, pulleys and hangers, milk scales, steam milk tester and odd lots of cheese factory and creamery supplies. . . . Creamery buildings must be moved but not the house. . . . H. J. GRELL Co., Props."

Before the time for such sale plaintiff commenced this action, asserting in substance the facts concerning the leases as above stated, that there had been no use of the factory or buildings for some time, and that the premises had been abandoned for the purposes for which the lease was entered into. As to the dwelling house, that it was the intention of the parties to make it a permanent fixture to said land and that the said dwelling is now a part of the real estate; that it had not been used for more than two years prior to the commencement of the action as a residence for butter-makers. Recites the sending of the letter by plaintiff as above stated; that defendant claims ownership of the factory building, dwelling house, and other buildings on the premises and threatens to sell the same; and sets out in full the notice of auction as specified above; that to permit the defendant to so sell or remove any or all of said property from the premises and the permanent fixtures thereon will cause irrevocable injury to the real estate; that the occupancy of the dwelling house by one not a butter or cheese-maker is without plaintiff's consent and a violation of the terms of the lease of January 2, 1899.

Plaintiff demanded judgment, first, that by reason of defendant's acts above recited it should be adjudged to have forfeited all of its title and interest to each of the said leases and that they should be declared null and void; second, that the court determine what of the machinery or property described in said notice of sale are permanent fixtures, and that the court determine that the boiler, bridging, pump, and other articles are all permanent fixtures; and third, that the defendant be enjoined and restrained from removing or attempting to take possession of the factory buildings, barn, house, or any of the permanent buildings on the real estate, or of the permanent fixtures in the factory.

Defendant by answer denied that there was any intention at the time of the construction of the factory building to make it a permanent fixture. Denies abandonment of the

premises, and alleges that it continued to pay rent upon the premises which had been accepted by the plaintiff. It also makes similar allegations as to the dwelling house; admits the receipt of the letter of May 8, 1920, above set forth; admits that it asserts and claims that it is the owner of the factory building and house and the machinery contained in the buildings and on the premises; admits the posting of the notices of sale and that it does intend to sell the factory, barn, and machinery and furniture in and upon said premises except the house, and asserts that it is its right so to do under the said lease.

The action was tried by the court without a jury. Findings of fact were made as to the leases aforesaid, of abandonment of the premises for the purpose of manufacturing cheese and butter, the failure to use the dwelling house as a residence for a butter or cheese-maker, the verbal lease of January 17, 1920, to Edward Maasche; the writing of the letter of May 8, 1920; that the defendant gives out and threatens that it will remove all the buildings and sell the same. Also the following, being the only finding of fact to which exceptions were filed by plaintiff, to wit:

"Seventh. The buildings can be removed from the premises described in both of the leases and the premises left in their former condition as existed prior to the erection of the buildings."

The conclusions of law were as follows:

"First. That as to the premises described in both of the leases there is no right of re-entry for mere nonuser of the premises.

"Second. That as to the premises described in the lease of January 2, 1899, the plaintiff has waived the breach, if any, of the covenant relating to subletting by assigning as the reason for the cancellation of the lease that defendant had failed to use the premises for the purpose of a residence for a butter-maker.

"Third. That the defendant is entitled to remove the buildings on the premises described on both leases at any time before the expiration of the term of the lease; that

judgment should be entered dismissing the complaint and without costs to either party except that the plaintiff shall pay the fees of the clerk of the court."

From judgment entered in accordance therewith the plaintiff has appealed.

For the appellant there was a brief by *Clark & Lueck* of Beaver Dam, and oral argument by *A. W. Lueck.*

*Martin J. Brennan* of Milwaukee, for the respondent.

ESCHWEILER, J.   The appellant contends in effect that in determining the respective rights and liabilities of the parties, the two leases, the one for the factory premises and the other, made five years later, for the forty-foot strip on which the dwelling house was erected, should be construed as one document, and that whatever additional rights were given to the lessor by the language of the second lease over that contained in the first should be construed as though so contained in the first lease.   In support of such view it is urged that the nature of the property included in the lease; the merely nominal rent of $5 per annum for each; the evident value to the then lessor, the owner of a farm in a dairy community, in having such a factory so accessible to his farm; the mention in the second lease that the premises are to be used for the purposes of a residence for a butter-maker, all indicate that the parties to such several instruments intended them to be one lease and for one purpose.

Further, that then, when so construed under the forfeiture clause appearing in the second lease and quoted above, giving the lessor the right to re-enter in case the lessee used said premises or any part thereof contrary to the conditions contained in the lease, together with the conceded facts that there had been no use of the premises for the purpose of manufacturing butter and cheese for over two years and that the dwelling house had been rented to one who was not a butter-maker, there was sufficient to authorize the plaintiff as lessor to effectually give the notice of May 8, 1920, above

set forth, and thereby there was a re-entry by him and a consequent loss to the lessee of his right to remove, if any such he had, any of the buildings, machinery, or equipment on the premises.

We are satisfied that the trial court was correct in holding that the two leases of 1894 and 1899, respectively, were separate and independent agreements as to separate and independent pieces of property. He was also correct in holding that each of such leases must stand or fall upon its own terms and conditions.

In the first lease it was provided: "said premises to be used only for the purpose of manufacturing butter and cheese." Plaintiff contends that such language, in view of the surrounding circumstances, amounts to an implied covenant that there should be for the period of the lease a continuous carrying on of the manufacture of butter and cheese upon said premises.

What effect such language might have in case of any attempted use by the lessees of the premises for some other purpose than that of manufacturing of butter and cheese it is not necessary to consider. It is plain, however, that such language cannot be properly construed to imply an undertaking or obligation on the part of said lessees or their successors in interest that there should be continuously kept up for a period of ninety-nine years such butter and cheese industry. It can amount to no more at the most than to prevent the lessees from using the premises for some other than that purpose, but does not impose upon them the much greater liability and obligation of continuously carrying on the specified industry. *Henry Rahr's Sons Co. v. Buckley,* 159 Wis. 589, 150 N. W. 994; *Brugman v. Noyes,* 6 Wis. 1; *Polebitzke v. John Week L. Co.* 157 Wis. 377, 383, 147 N. W. 703. The lessees' failure, therefore, to continue such industry was not a breach of any express or implied condition of the lease and worked no forfeiture. The notice, therefore, of May 8, 1920, given by the plaintiff by his letter

claiming such alleged forfeiture was of no avail and he had no cause of action as against the defendant by reason of such failure so to use the factory premises.

The same situation is presented and the same ruling must follow as to the clause in the second lease contained, "said premises to be used for the purposes of a residence for butter-maker." Such provision cannot be construed to contain an implied covenant that there is to be a continued possession of such dwelling house by one who is a butter-maker.

The plaintiff has based his cause of action in this lawsuit upon alleged forfeiture of defendant's leasehold interest in the premises on the ground set forth in lessor's notice of May 8, 1920, *supra,* and not upon an alleged forfeiture by reason of any other terms or conditions of the leases, and his complaint was predicated upon the rights he claimed existed by reason of such notice and not otherwise, and he must stand or fall thereby. The trial court therefore was correct in his disposition of this matter in that regard.

As to the buildings on the factory premises, the court by its seventh finding determined as to those buildings as well as to the dwelling house that they could be removed without injury to the soil. The correctness of this finding upon the facts is challenged by plaintiff.

An examination of the record convinces us that the court properly so held and that the buildings erected upon the factory premises, together with the machinery therein, were of the nature of fixtures which did not during the period of the tenant's possession of the premises become parts of the freehold. Each piece was vacant at the time of the making of the respective leases. The buildings were placed thereon by the tenant, continuously assessed as personal property, and the taxes paid by the tenant, who also kept such buildings insured. The structures erected and the machinery contained in the several buildings on the factory premises were suitable for and devoted to a business purpose. The tenant therefore needed no express stipulation in the lease to give

Dougan v. H. J. Grell Co. 174 Wis. 17.

him the right to remove, at or before the lawful expiration of his term, all of said fixtures and the machinery therein contained. *State ex rel. Hansen S. Co. v. Bodden,* 166 Wis. 219, 164 N. W. 1009.

As to the dwelling house on the second strip of property, defendant by its notice of the proposed auction sale and by its pleadings expressly recites that such dwelling house was not to be removed from the premises. Such disclaimer of course is binding upon the defendant as much as though so declared by a judgment herein.

Whether defendant has anything of value to sell without the consent of the lessor under the second lease is not before us under the pleadings and the record. Its mere offer, therefore, to sell its leasehold interest in the forty-foot strip, the dwelling house to remain thereon, could give a purchaser no greater rights than those consistent with the terms of such second lease and can result, therefore, so far as the lessor is concerned, in no substantial injury to his rights. For want, therefore, of any threatened substantial invasion of his rights under the second lease, there is no sufficient warrant for any aid from a court of equity.

The plaintiff having failed to support the reasons alleged by him in his notice of May 8, 1920, upon which he claimed the right of re-entry upon the leased premises for breach of conditions, has no cause of action against the defendant and the court so properly held.

The defendant insists that it should be awarded full costs in this case instead of the limited amount as fixed by the trial court. We see, however, in this case no abuse of the discretion vested in the trial court in such an equitable action to award costs in whole or in part pursuant to sub. (7), sec. 2918, Stats., and the award of costs will not be disturbed. *Charles v. Godfrey,* 125 Wis. 594, 104 N. W. 814; *Boesen v. Preston,* 130 Wis. 418, 110 N. W. 208.

*By the Court.*—Judgment affirmed.