GOLDBERG 168–05 CORPORATION, Plaintiff, *v.* JOSEPH LEVY and CRAWFORD CLOTHES, INC., Defendants.*

Supreme Court, Queens County, December 6, 1938.

*Maurice R. Goldberg*, for the plaintiff.

*Hyman Fried* [*A. I. Goldstein* of counsel], for the defendants.

STEINBRINK, J. This is a motion to dismiss the complaint for failure to state facts sufficient to constitute a cause of action.

Plaintiff sues to recover for the alleged breach of a leasehold agreement assigned to the plaintiff by the original lessor. As a first cause of action the following in substance is alleged: By agreement dated September 17, 1929, the plaintiff's assignor agreed to rent certain premises to the defendant Levy for a term expiring September 30, 1938; that the tenant was to pay a minimum rental of $13,800 per year and in addition thereto was to pay the difference between the said sum and ten per cent of the gross receipts of the business conducted by the tenant on the leased premises; that it was further provided " in the event that the total gross sales of the Tenant for any one calendar year does not equal $101,000 * * * then the Tenant shall have the right to cancel said lease; " that the defendant Levy took possession of the premises under the said lease on October 10, 1929, and thereafter, with the knowledge and consent of the plaintiff's assignor, permitted the defendant Crawford Clothes, Inc., to occupy the premises " as though the same were occupied by " the defendant Levy, and to conduct therein a retail men's clothing business; that the defendant Levy, as officer, director and chief stockholder of the defendant Crawford Clothes, Inc., operated and controlled the corporate defendant for his own use. It is then alleged that defendants, although obligated to do so, " failed and refused to act in a fair and proper manner with relation to their obligations under the terms of the lease * * * by negligently or willfully permitting the said business to become mismanaged and by negligently or willfully diverting the proper channels of trade from said business

to another store operated by said defendants, in the vicinity of the premises demised by said defendants from the plaintiff herein, and in general conducting themselves and their agents, servants, and employees in such a manner as to cause a reduction of the gross income of the sales of the demised premises below the amount of $101,000 per year;" that the defendant Levy, on June 1, 1937, gave notice of his intention to terminate the lease as of October 30, 1937, and on and after that day the defendants removed from the premises and refused to pay any further rentals. By reason of the foregoing plaintiff claimed to be damaged in the sum of $25,000.

It is not alleged in the complaint that the agreement sued upon contained an express provision obligating the tenant to refrain from conduct calculated to depress the annual gross receipts of the business below the specified sum of $101,000. " A promise may be lacking, yet the whole writing may be ' instinct with an obligation ' imperfectly expressed." (*Wood* v. *Duff-Gordon*, 222 N. Y. 88, 91; *Alexander* v. *Equitable Life Assurance Society*, 233 id. 300, 306.) It should be noted that the tenant promised to pay rental in part at least measured by a percentage of gross receipts of the business. This was a promise to use reasonable efforts to bring profits into existence. (*Wood* v. *Duff-Gordon, supra.*) The tenant could not avoid liability under the lease by abandoning premises. (*Genet* v. *D. & H. C. Co.*, 136 N. Y. 593, 608.) By the same token he could not avoid liability by a diversion of business to another store which he operated in the same vicinity when such diversion is effected for the sole purpose of bringing the gross receipts below the specified figure and thereby laying the basis for a cancellation of the lease. Such conduct would be in direct violation of the covenant of good faith and fair dealing which exists in every contract. (*Kirke La Shelle Co.* v. *Armstrong Co.*, 263 N. Y. 79.)

Plaintiff concedes that it is not suing on the lease but is seeking to recover damages claimed to have been sustained as a result of the cancellation of the lease in violation of duties created therein. The action is for breach of contract, not for rent due under the lease. The defendant Crawford Clothes, Inc., is sought to be held accountable by reason of the fact that it occupied the premises with the knowledge and consent of the plaintiff and its assignor and with the permission of the defendant Levy. Under such circumstances there may be a presumption that the lease had been assigned to the one in occupation. (*Mann* v. *Munch Brewery*, 225 N. Y. 189, 193.) But inasmuch as liability of the assignee grows out of privity of estate, such liability terminates when that privity ceases to exist. (*Mann* v. *Munch Brewery, supra,* p. 195.) Here the privity

was destroyed by the cancellation of the lease, and in the absence of an agreement by the assignee to be bound by the terms of the lease after vacating possession there is no basis for the imposition of liability in contract. The first cause of action is, therefore, dismissed as to defendant Crawford Clothes, Inc.

As a second cause of action the plaintiff, after realleging all the preceding paragraphs of the complaint, charges the defendants with a conspiracy to reduce the gross income of the business conducted on the leased premises below $101,000, and that, pursuant to the conspiracy, the defendants committed certain acts which resulted in the planned reduction of the gross profits to the plaintiff's damage. Since the conspiracy is alleged to have been accomplished in an unlawful manner, a cause of action is stated against both defendants.

Motion is denied except as to the first cause of action pleaded against the defendant Crawford Clothes, Inc., which, as indicated above, will be dismissed for insufficiency.