**CONGRESSIONAL AMUSEMENT CORPORATION v. WELTMAN et al.**

**No. 545.**

Municipal Court of Appeals for the District of Columbia.

Oct. 8, 1947.

Milton Strasburger, of Washington, D. C., for appellant.

David L. Blanken, of Washington, D. C. (F. Joseph Donohue, Jos. A. Kaufmann, and Milton S. Kronheim, Jr., all of Washington, D. C., on the brief), for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Appellant sued for possession of store property, charging that the lessees had violated their lease by discontinuing the operation of a liquor store in the premises. The lease was for three years ending November 30, 1947. This is the covenant allegedly violated:

"That he will use said premises for the sale of alcoholic beverages and other items usually associated with the sale of liquor for "Off Sale" consumption and for no other purpose whatsoever."

Defendants filed an answer denying that they had violated the covenant and stating that the covenant was intended only to prevent them from using the premises for any purpose except that of a liquor store, and was not intended to require them to operate such a store. The answer further stated that the language of the covenant was ambiguous but that said ambiguity had been fully settled between the parties verbally before the tenancy commenced, it being definitely agreed that the lease "was intended in the restrictive and not in the mandatory sense." Defendants also de-

---

[1] See also United States v. Bergamo, 3 Cir., 154 F.2d 31.

clared their willingness to pay the rent and made tender thereof.

Appellant moved for summary judgment, supporting its motion by an affidavit in which it was alleged that the covenant was unambiguous and that there had been no verbal agreement concerning it. The affidavit also recited that the lessees had removed their liquor license to another store and had discontinued the use of the premises for any purpose and had vacated and abandoned the store; that the store was in a parking center and closing it was "a great detriment to the business of the parking center and constitutes waste."

The trial court overruled the motion for summary judgment and plaintiff thereupon filed a formal election to stand on the motion and moved the court to enter a final judgment so that an appeal might be taken to this court. Judgment for defendants followed.

■ The issue on this appeal is whether the covenant above quoted clearly and unambiguously required a continued operation of a liquor store on the premises by the lessees. We rule, as did the trial court, that it did not. It either unambiguously provided to the contrary, or at the very least, was so ambiguous that the lessees were entitled to introduce parol evidence to show the verbal agreement of the parties as to its meaning. Appellant, however, by standing on its motion for summary judgment after it had been overruled by the trial court, prevented the effort of appellees to show such oral agreement.

Reason and authority support the view that though the covenant unambiguously restricted the use of the premises to a liquor store, it did not *require* that it be used at all. When the parties sat down to draw the lease they had it in their power to make the use restrictions as mild or as strict as they desired (or could agree upon). If the lessor wished to impose upon the lessees the duty of continuing occupancy and continuing operation of a liquor store it should have adopted language to make that duty clear. The language they did employ went no further than to *prevent* the use of the premises for any purpose except that of a liquor store. Very clearly it did not prescribe that such a store must be kept open and in operation throughout the lease term.

■ The law will not read into the covenant words of compulsion which are not there. The law does not say that by accepting the grant of premises for a particular purpose, with a prohibition against its use for any other purpose, a lessee becomes affirmatively obligated to use it continually for such purpose. We have no right to hold these lessees to an obligation more burdensome than that prescribed in the lease. The only decisions directly in point support this view.[1]

The situation would be different if lessees' conduct had resulted in actual waste to the premises.[2] But that did not happen here. The situation would also be different if the rent were based on a percentage of lessees' sales,[3] for then the lessor would have a contractual right not to have his rent diminished by an arbitrary shutdown of lessees' business. No such right existed under this lease. Here the rent was on a fixed monthly basis and so long as such rent was paid or tendered lessor had no cause for complaint.

The judgment of the trial court was correct and will be

Affirmed.

[1] Majestic Co. v. Orpheum Circuit, 8 Cir., 21 F.2d 720; Bruns & Schaffer Amusement Co. v. Conover, 111 N.J.L. 257, 168 A. 304; McCormick v. Stephany, 57 N.J.Eq. 257, 41 A. 840 (modified on other grounds, 61 N.J.Eq. 208, 48 A. 25); Goldberg v. Pearl, 306 Ill. 436, 138 N.E. 141; Chicago & W. I. R. Co. v. Chicago & E. I. R. Co., 260 Ill. 246, 103 N. E. 264; Dougan v. H. J. Grell Co., 174 Wis. 17, 182 N.W. 350; Henry Rahr's Sons Co. v. Buckley, 159 Wis. 589, 150 N.W. 994; Cousins Inv. Co. v. Hastings Clothing Co., 45 Cal.App.2d 141, 113 P. 2d 878; Burdick v. Fuller, 199 App.Div. 94, 191 N.Y.S. 442.

[2] Asling v. McAllister-Fitzgerald Lumber Co., 120 Kan. 455, 244 P. 16, 46 A. L.R. 1127; Klein v. Longo, D.C.Mun. App., 34 A.2d 359.

[3] Mayfair Operating Corp. v. Bessemer Properties, Inc., 150 Fla. 132, 7 So.2d 342; Selber Bros. v. Newstadt's Shoe Stores, 194 La. 654, 194 So. 579; Sinclair Refining Co. v. Giddens, 54 Ga.App. 69, 187 S.E. 201.