381 So.2d 272 (1980)
Douglas DILTZ and Victoria Diltz, His Wife, Appellants,
v.
J & M CORP., a Florida Corporation, Appellee.
No. 79-869.
District Court of Appeal of Florida, Third District.
February 26, 1980.
Rehearing Denied April 11, 1980.
*273 Horton, Perse & Ginsberg and Mallory H. Horton, Miami, for appellants.
Dubbin, Schiff, Berkman & Dubbin and James M. Schiff, Miami, for appellee.
Before HENDRY and HUBBART, JJ., and VANN, HAROLD R. (Ret.), Association Judge.
PER CURIAM.
By this appeal, we are asked to review a final judgment of accounting entered in favor of a lessor [J & M CORP.] in an action which it brought against its lessees [Douglas and Victoria Diltz] for alleged breach of the rent and accounting covenants of the lease. The lease provided that the rental due thereunder was six percent of the gross sales that the lessees shall obtain by operation of their Burger King business on the demised premises, but that in no event should the rent be less than $12,000 per month; also, the lease contained certain accounting provisions to enforce the gross sale/rental provisions of the lease. Nowhere in the lease is there any provision that the lessees should operate or use their best efforts to maintain a Burger King business on the demised premises. Compare Mayfair Operating Corp. v. Bessemer Properties, Inc., 150 Fla. 132, 7 So.2d 342 (1942).
Upon expiration of this lease, the same was renewed by the parties for one year. During this one year renewal period with approximately four months to go thereon, the lessees discontinued their Burger King business on the demised premises and moved their franchise to another location several blocks away. The lessees continued to pay the $12,000 rent per month due for the balance of the one year extension of the lease, but declined to pay the lessor six percent of the gross sales of the lessees' new Burger King business. The final judgment of accounting requires the lessees to do so.
We reverse the final judgment under review upon a holding that: (a) the lessees were not required by the lease to operate or use their best efforts to maintain a Burger King business on the demised premises and, consequently, the lessees did not breach the lease by discontinuing their Burger King business thereon and in thereafter paying the minimum $12,000 monthly rentals; Floste Corp. v. Marlemes, 53 So.2d 538 (Fla. 1951); Stemmler v. Moon Jewelry Co., 139 So.2d 150 (Fla. 1st DCA 1962); Annot., 40 A.L.R.3d 971, 975 (1971); (b) the lease contains no provision for the payment of rent based on the gross sales of the lessees' Burger King business located outside the demised premises, and, accordingly, the trial court had no authority under the lease to require an accounting by the lessees as to *274 such gross sales. Arnold v. First Savings and Trust Co. of Tampa, 104 Fla. 545, 140 So. 660 (1932) (syllabus by court no. 4).
The judgment under review is reversed and the cause remanded to the trial court with directions to enter a judgment for the appellant lessees herein.