RAPIDS ASSOCIATES, a partnership comprised of Michael J. Barnard, Norman Miller and others, Respondents,†

v.

SHOPKO STORE, INC., a Minnesota corporation, Appellant.

Court of Appeals

*No. 79–1591. Submitted on briefs March 27, 1980.—Decided April 22, 1980.*

(Also reported in 292 N.W.2d 668.)

† Petition to review denied.

For the appellant the cause was submitted on the briefs of *Terwilliger, Wakeen, Piehler, Conway & Klingberg, S.C.,* of Wausau.

For the respondents the cause was submitted on the brief of *Surplice & Gould* of Green Bay.

Before Donlin, P.J., Foley, J., and Dean, J.

DONLIN, P.J. Rapids Associates and Shopko Stores, Inc., entered into a lease in March, 1969. Pursuant to the lease, Rapids built a store according to Shopko's plans and specifications, under Shopko's supervision. Shopko leased the premises for the purpose of conducting a retail, discount department store business. The twenty-year lease provided for an annual base rent of $61,500 plus additional rent of one percent of gross sales in excess of $2,000,000.

Shopko operated a retail, discount department store on the premises for about ten years, but then constructed a new facility. Shopko proposed to sublease the old premises pursuant to the sublet provision of the lease. Rapids objected to the subleasing and brought this action to have Shopko perpetually enjoined and restrained from using or permitting the use of the premises for any business other than a retail department store. Both parties moved for summary judgment.

The trial court stated that the percentage rental provision taken together with the described purpose of the lease and the provision prohibiting abandonment of the premises compels the conclusion that Shopko is required to continuously operate a retail, discount department store on the premises. The trial court concluded that permitting Shopko to sublet the premises to a retail establishment of its choice would be contrary to the clear, unambiguous provisions of the lease.

After the trial court denied Shopko's motion for reconsideration and for a stay of the injunctive provisions, Shopko appealed and moved this court for relief pending

appeal. We vacated the trial court's injunction upon Shopko's filing of a bond.

On appeal of a grant of summary judgment, our review is the same as that of the trial court.[1] The lease provides that Shopko leased the premises "for the purpose of conducting thereon a retail department store for the sale at discount prices of goods, wares, merchandise and services of various kinds . . . ." Rapids contends that this language clearly constitutes a covenant restricting Shopko's use of the premises. While this clause does describe Shopko's intended use of the premises, it does not contain terms of restriction prohibiting uses other than a retail, discount department store. Generally, absent express restrictive terms, such descriptive clauses are merely permissive in nature and do not restrict the lessee's use of the premises.[2] If the parties had intended to restrict use of the premises to a retail, discount department store, they could have inserted simple words of limitation.

In order to restrict Shopko's use of the premises under this lease, this court would necessarily have to conclude that such a restriction is implied. In Wisconsin, covenants to restrict the use of demised premises must be expressly set forth and may not be implied.[3] Further, when the lease was entered into, it was deemed a conveyance,[4] and no covenant shall be implied in any conveyance.[5]

---

[1] *Wright v. Hasley,* 86 Wis.2d 572, 273 N.W.2d 319 (1979); §802.08(2), Stats.

[2] 49 AM. JUR. 2d *Landlord and Tenant* §240, at 256 (1970).

[3] *Dougan v. H. J. Grell Co.,* 174 Wis. 17, 182 N.W. 350 (1921). *Henry Rahr's Sons Co. v. Buckley,* 159 Wis. 589 (1915); *Brugman v. Noyes,* 6 Wis. 1 (1857).

[4] Section 235.50, Stats. (1969).

[5] Section 235.02, Stats. (1969), renumbered §706.10(6), Stats. (1977).

The trial court correctly concluded that the lease must be read so as to give effect to all of the provisions. The trial court emphasized certain lease provisions: the percentage rental provision and the provision prohibiting abandonment of the premises. Neither of these provisions constitutes an express restrictive covenant regarding Shopko's use of the premises nor does either compel Shopko's continuous operation of a discount, retail department store on the premises.

There are no Wisconsin cases specifically construing a percentage rental provision in a lease. The majority of cases from other jurisdictions have held that such provisions are not to be construed as containing an implied covenant of continuous operation or as restricting a lessee's use of the premises.[6] The lease provision relating to repairs and maintenance provides the lessee "shall not vacate or abandon the premises at any time during the term." The definition of abandonment, as applied to leases, involves an absolute relinquishment of the premises by a tenant, and consists of an act or omission and an intent to abandon.[7] This rather standard lease provision would seem to protect the premises from standing empty and possible resulting disrepair and damage. It does not compel continuous operation. Further, we note that Shopko does not intend to abandon the premises but to sublet it.

The implied covenant Rapids seeks to have enforced is contradictory to the provision of the lease which provides

---

[6] *Masciotra v. Harlow*, 105 Cal. App.2d 376, 233 P.2d 586 (1951); *Cousins Inv. Co. v. Hastings Clothing Co.*, 45 Cal. App.2d 141, 113 P.2d 878 (1941); *Williams v. Safeway Stores, Inc.*, 198 Kan. 331, 424 P.2d 541 (1967); *Stop & Shop, Inc. v. Ganem*, 347 Mass. 697, 200 N.E.2d 248 (1964); *Kretch v. Stark*, 26 Ohio. Op.2d 385, 193 N.E.2d 307 (1962); *Dickey v. Philadelphia Minit-Man Corp.*, 377 Pa. 549, 105 A.2d 580 (1954).

[7] *Sporleder v. Gonis*, 68 Wis.2d 554, 229 N.W.2d 602 (1975).

Shopko the right to sublet the premises. This provision expressly provides:

9. *SUBLET*.

The LESSEE shall have the right of subletting all or portions of the described premises provided the same are not for any purpose that would create a greater hazard than the use by the LESSEE and not for any illegal or any unlawful purpose and not for any purpose prohibited by applicable zoning laws or regulations and not for any purpose which is extra hazardous on account of fire or otherwise. LESSEE shall, nevertheless, remain liable for all of the covenants of this lease, including the payment of rental.

The terms of the lease are clear and unambiguous; no covenant can be implied in the lease. In order to give effect to all provisions of the lease, we conclude that the lease does not contain a covenant of continuous operation and that Shopko may sublease the premises. Accordingly, we reverse the judgment of the trial court granting summary judgment and injunctive relief to Rapids and remand the matter with directions that Rapids' complaint be dismissed.

In view of our decision, it is not necessary for this court to address the question whether the trial court erred in awarding injunctive relief. Suffice it to reiterate our decision on Shopko's motion for relief pending appeal. There we stated that the trial court was essentially granting the injunction to preserve what it called the integrity of its decision regarding the interpretation of the lease. We could find no indication of irreparable harm or lack of adequate legal remedy available to Rapids, in the documents submitted to us. We noted that Rapids can sue for recovery of monetary damages. The equitable remedy of injunction is not appropriate except

in cases where the plaintiff suffers irreparable injury that cannot be remedied by money damages.[8]

*By the Court.*—Judgment reversed and cause remanded.

---

[8] *Sprecher v. Weston's Bar, Inc.,* 78 Wis.2d 26, 253 N.W.2d 493 (1977); *American Mut. Liab. Ins. Co. v. Fisher,* 58 Wis.2d 299, 206 N.W.2d 152 (1973); *Klump v. Cybulski,* 274 Wis. 604, 81 N.W.2d 42 (1957).

† Petition to review denied.