# LALANI v INTERAMERICAN SUNBELT CORP.

## Case No. MC-88-8749-RB

County Court, Palm Beach County

July 27, 1988

### APPEARANCES OF COUNSEL

**Cohen, Scherer,** Cohn & Silverman, P.A., for plaintiff.

**Wiseheart & Joyce,** P.A., cocounsel for defendant.

**George C.J. Moore,** cocounsel for defendant.

### OPINION OF THE COURT

ROBERT M. GROSS, County Judge.

### *FINAL JUDGMENT*

THIS CASE came before the court on June 29, 1988 for nonjury trial on the issue of plaintiff's entitlement to recover possession of premises he leases to defendant corporation. Both sides were present

and well represented by counsel. The Court heard sworn testimony and received exhibits into evidence.

Defendant occupies certain commercial property pursuant to a written lease dated September 10, 1985. Paragraph 6 of the lease gives the lessor the option to cancel the lease in the event the "lessee shall abandon or vacate said premises before the end of the term" of the lease. Plaintiff contends that defendant has vacated the premises within the meaning of this provision.

At the inception of the lease in 1985, defendant invested about one hundred thousand dollars in improvements on the building. The lease was for a five year term with an option to renew for an additional five years. In late 1985, defendant began to operate a Suzuki dealership on the property. During the first half of 1988, defendant sold the assets of the dealership to a third party. After the sale, cars and other items relating to the business were moved out of the premises.

To a casual observer, the premises appeared to be empty. However, defendant continued to be a Florida corporation in good standing. Defendant continued to pay rent to plaintiff pursuant to the lease. Defendant paid utility bills for the premises. Further, defendant kept the doors locked and the alarm system operable. In a back office, several filing cabinets remained. Also, some equipment remained in the service bays. Defendant's president testified that his corporation intended to put another dealership in the premises and that steps had been taken towards that end.

Generally, a lessee may use leased premises without limitation. By the terms of a lease, a lessor may place restrictions on a lessee's use. *See, Floste Corp. v Marlemes,* 53 So.2d 538 (Fla. 1951). Absent a specific provision in a lease regarding the continuous operation of a business, Florida courts have not construed general language relating to occupancy as generating any obligation on the part of the tenant to operate a business. *Stemmler v Moon Jewelry Company,* 139 So.2d 150 (Fla. 1st DCA 1962); *Diltz v J & M Corp.,* 381 So.2d 272 (Fla. 3d DCA 1980). The construction of the paragraph 6 term "vacate" should reflect Florida's recognition of a lessee's freedom to determinate how leased premises might be used. The appropriate definition of "vacate" as used in the lease is to "make vacant or empty" which "implies entire abandonment, nonoccupancy for any purpose." *Black's Law Dictionary* (4th Ed. 1968). Plaintiff has failed to demonstrate by the greater weight of the evidence that defendant so vacated the premises. Accordingly, it is

ORDERED AND ADJUDGED that plaintiff, A. SULTAN LA-

LANI, takes nothing by its action and that defendant, INTERAMERI-CAN SUNBELT CORP., goes hence without day. It is further

ORDERED AND ADJUDGED the court shall retain jurisdiction of this cause for the purpose of considering applications for costs and attorneys' fees.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida this 27th day of July, 1988.